IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH JURY DIVISION

| | |
|---|---|
| **DEVAN JONES and All Others Similarly Situated,** | ) ) ) |
| *Plaintiff,* | ) CLASS AND COLLECTIVE ACTION ) |
| v. | ) CASE NO. 5:19-cv-105-TBR ) Senior |
| **H & J RESTAURANTS, LLC d/b/a TOKYO HIBACHI,** | ) JUDGE Thomas B. Russell ) ) |
| | ) JURY DEMAND |
| *Defendant.* | ) ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1. Plaintiff Devan Jones brings this action against Defendant H&J Restaurants, LLC d/b/a Tokyo Hibachi ("Defendant") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Plaintiff asserts these FLSA claims as a collective action on behalf of herself and all similarly situated individuals, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

2. Plaintiff Jones also brings this action against Defendant to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Kentucky Wages and Hours Act ("KWHA"), KRS 337.010 *et seq*. Plaintiff further requests that the Court impose civil penalties upon Defendant, pursuant to KRS 337.990(1), (5), and (7), for: failing to maintain accurate employment records (in violation of KRS 337.320); illegally requiring its employees to remit portions of their tips to non-tip producing employees (in violation of KRS 337.065); failing to timely pay Plaintiff and those she seeks to represent as required by the KWHA (in violation of KRS 337.020); and failing to pay the required minimum wage (pursuant to KRS 337.275) and overtime wage (pursuant to KRS 337.285). Plaintiff asserts these KWHA claims as a class action lawsuit, pursuant to Kentucky law and Rule 23 of the

Federal Rules of Civil Procedure, on behalf of herself and all similarly situated individuals.

## I. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district and because the claims arose in this judicial district.

## II. PARTIES

**A.   Plaintiff**

6. Plaintiff Devan Jones is over the age of nineteen (19) and is a resident of Paducah, McCracken County, Kentucky. Plaintiff Jones has been employed by Defendant as a server during various time periods since December 2015.

**B.   Defendant**

7. Defendant H&J Restaurants, LLC is a Kentucky company doing business within this judicial district.

8. Defendant is headquartered at 3535 James Sanders Blvd., Paducah, KY, 42001. Defendant's registered agent is Jenny J. Lee, who can be served at 3810 Bethel Church Rd., Kevil, KY, 42053.

9. Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce.

10. Defendant has at all relevant times been an employer within the meaning of the

FLSA and KWHA.

### III. FACTS

11. Plaintiff and those she seeks to represent in this action were employed as servers for Defendant H&J Restaurants, LLC at its Tokyo Hibachi restaurant ("Tokyo Hibachi") in Paducah, Kentucky.

12. Plaintiff Jones was employed by Defendant as a server at Tokyo Hibachi during the following periods: approximately December 2015 until April 2016, approximately December 2018 until February 2019, and approximately April 2019 until May 2019.

13. Defendant paid Plaintiff and other servers at Tokyo Hibachi an hourly wage below $7.25. For example, Defendant paid Plaintiff an hourly wage of approximately $2.13.

14. In seeking to comply with the FLSA and KWHA mandate that employees receive a minimum wage of $7.25 per hour, Defendant purported to utilize a "tip credit" for each hour worked by Plaintiff and other servers at the Defendant's restaurant. *See* 29 U.S.C. § 203(m) and KRS 337.275(2). For example, the "tip credit" for Plaintiff was $5.12 for each hour worked.

15. Defendant required Plaintiff and other servers to contribute a portion of their tips to employees who do not receive tips directly from customers, including employees who worked in the positions of Busboy, Chef, and Bartender.

16. Remitting tips to Busboys, Chefs, and Bartenders was not voluntary. Rather, it was a condition of employment and, therefore, mandatory.

17. Defendant's Busboys, Chefs, and Bartenders do not receive tips directly from customers because these positions generally work in or near the kitchen area and do not interact with restaurant customers.

18. A Busboy's job primarily consists of clearing silverware and dishes used by the

restaurant's patrons from tables.

19. A Chef's job primarily consists of preparing food ordered by the restaurant's patrons.

20. A Bartender's job primarily consists of preparing alcoholic drink orders given to them by the servers after being ordered by the restaurant's patrons.

21. When Plaintiff and other servers did not earn enough in tips to amount to earning $7.25 per hour, Defendant did not pay them any more than the $2.13 per hour. This occurred on a regular basis because of the large number of hours Defendant required Plaintiff and similarly situated servers to work. As a result, Plaintiff worked many weeks without earning the required hourly minimum wage.

22. Defendant required Plaintiff and other servers to clock-out prior to the conclusion of their shift. In the time after clocking out, Plaintiff and other servers performed non-tip producing work, including, for example, taking out the trash, wiping down tables, and distributing the tip pool among restaurant employees. Defendant expected and required Plaintiff and other servers to clock out in order to perform these and other non-tip producing work activities.

23. Defendant maintained a policy at its restaurant of requiring Plaintiff and other servers to spend more than 20% of their time performing non-tip producing work. Such non-tip producing work included, but was not limited to, taking out the trash, wiping down tables, rolling silverware, scrubbing chairs, cleaning bathrooms, sweeping, mopping, scrubbing floors, cleaning dishes, and vacuuming.

### IV. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective

action on behalf of the following individuals:

> All current and former servers employed by Defendant in its Paducah, Kentucky restaurant at any time since July 22, 2016.

(the "Collective Class").

25. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and other similarly situated servers, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## V. CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW

26. Plaintiff brings this action on her own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All current and former servers employed by Defendant in its Paducah, Kentucky restaurant at any time since July 22, 2014.[1]

(the "Rule 23 Class").

27. Plaintiff is a member of the Rule 23 Class she seeks to represent.

28. Since July 22, 2014, Defendant has employed dozens of individuals as servers at its Paducah, Kentucky restaurant. Thus, the Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

29. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). Defendant failed to pay Plaintiff and the members of the Rule 23 Class she seeks to represent in the same manner and pursuant to the same policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendant required servers to participate in a tip pool; (2) whether Defendant required servers to remit tips to a tip pool from which proceeds were shared with non-

---

[1] The statute of limitations under the KWHA is five years. KRS 413.120(2).

tipped employees; (3) whether Defendant required servers to spend more than 20% of their scheduled shifts performing non-tip-producing work; and (4) whether Defendant required servers to clock out to perform certain work activities.

30. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendant's violation of the minimum wage, overtime wage, and other requirements of the KWHA was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendant's common pay policies and practices, which Defendant applied generally to all of its servers, including Plaintiff. Thus, in advancing her own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

31. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

32. By failing to pay servers all required minimum and overtime wages pursuant to its common pay practices and policies, Defendant has created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue her claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## V. CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE FLSA

33. All previous paragraphs are incorporated as though fully set forth herein.

34. Plaintiff asserts this claim on behalf of herself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

35. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

36. Defendant is an employer covered by the FLSA.

37. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

38. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

39. Restaurants forfeit the tip credit when they require their tipped employees—such as Tokyo Hibachi's servers—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Tokyo Hibachi's Busboys, Chefs, and Bartenders—whose direct customer interaction is minimal.

40. By requiring Plaintiff and the Collective Class to share tips with Busboys, Chefs, and Bartenders, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Collective Class. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and the Collective Class an hourly wage below $7.25 for regular hours worked.

41. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting

this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Tokyo Hibachi's servers—spend more than 20% of their shift performing non-tip-producing work.

42. By requiring Plaintiff and the Collective Class to spend more than 20% of their shift performing non-tip-producing work, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Collective Class. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and the Collective Class an hourly wage below $7.25 for regular hours worked.

43. Restaurants forfeit the tip credit when they attempt to claim a tip credit that exceeds the actual amount of tips received. 29 U.S.C. § 203(m). In other words, where the amount of tips received is not sufficient to make up the difference between the lower tipped hourly rate—like the $2.13 per hour Defendant paid Plaintiff—and the statutory minimum wage of $7.25 per hour, Defendant must pay sufficient wages to ensure the full statutory minimum wage is paid.

44. When Plaintiff and the Collective Class receive insufficient tips to cover the difference between their lower tipped hourly rate and the statutorily mandated $7.25 per hour minimum wage, Defendant attempts to take a tip credit that exceeds the actual amount of tips received and fails to pay sufficient additional wages to cover the difference. As a result, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Collective Class. Thus, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and the Collective Class an hourly wage below $7.25 for regular hours worked.

45. Defendant also has a policy and practice of requiring servers to clock-out prior to

the conclusion of their shift to perform certain work activities without pay as described herein.

46. By requiring servers to work off the clock without pay, Defendant has failed to pay Plaintiff and the Collective Class for all time worked at the statutory minimum wage of $7.25 per hour.

47. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

48. All previous paragraphs are incorporated as though fully set forth herein.

49. Plaintiff asserts this claim on behalf of herself and members of the Collective Class who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

50. Plaintiff and the Collective Class are employees entitled to the FLSA's protections.

51. Defendant is an employer covered by the FLSA.

52. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. 29 U.S.C. § 207.

53. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate so long as employees receive proper notice of the tip credit and receive $10.88 per hour— *i.e.*, one and one-half times the full $7.25 per hour statutory minimum wage for every hour worked. *See* 29 U.S.C. § 203(m).

54. Defendant pays Plaintiff and the Collective Class a tipped hourly rate and Defendant relies on their tips to meet the overtime requirements pursuant to the tip credit provision of the FLSA.

55. Plaintiff and the Collective Class employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

56. However, as explained above, employers forfeit the right to rely on the tip credit to satisfy the overtime requirements of the FLSA when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

57. Restaurants forfeit the tip credit when they require their tipped employees—such as Tokyo Hibachi's servers—to share tips with other restaurant employees who do not "customarily and regularly receive tips." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Tokyo Hibachi's Busboys, Chefs, and Bartenders—whose direct customer interaction is minimal.

58. By requiring Plaintiff and the Collective Class to share tips with Busboys, Chefs, and Bartenders, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiff and the Collective Class. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiff and the Collective Class an hourly wage below $10.88 for overtime hours worked.

59. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." 29 U.S.C. § 203(m). Federal courts interpreting this statutory language also hold that restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Tokyo Hibachi's servers—spend more than 20% of their shift performing non-tip-producing work.

60. By requiring Plaintiff and the Collective Class to spend more than 20% of their shift performing non-tip-producing work, Defendant has forfeited its right to utilize the "tip

credit" in satisfying its overtime wage obligations to Plaintiff and the Collective Class. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiff and the Collective Class an hourly wage below $10.88 for overtime hours worked.

61. Restaurants forfeit the tip credit when they attempt to claim a tip credit that exceeds the actual amount of tips received. 29 U.S.C. § 203(m). In other words, where the amount of tips received is not sufficient to make up the difference between the lower tipped hourly rate and the statutory overtime wage of $10.88 per hour for minimum wage employees, Defendant must pay sufficient wages to ensure the full $10.88 hourly overtime wage is paid.

62. When Plaintiff and the Collective Class receive insufficient tips to cover the difference between their lower tipped hourly rate and the statutorily mandated $10.88 per hour overtime wage, Defendant attempts to take a tip credit that exceeds the actual amount of tips received and fails to pay sufficient additional wages to cover the difference. As a result, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiff and the Collective Class. Thus, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiff and the Collective Class an hourly wage below $10.88 for overtime hours worked.

63. Defendant also has a policy and practice of requiring Plaintiff and the Collective Class to clock-out prior to the conclusion of their shift to perform certain work activities as described herein.

64. The time worked off the clock without pay includes hours over 40 in a workweek.

65. By requiring servers to work off the clock without pay for hours over 40 in a workweek, Defendant has failed to pay Plaintiff and the Collective Class for all time worked over 40 hours in a workweek at one and one-half times their regular hourly rate as required under

the FLSA.

66. In violating the FLSA, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT III
## VIOLATION OF THE MINIMUM WAGE REQUIREMENTS OF THE KWHA

67. All previous paragraphs are incorporated as though fully set forth herein.

68. Plaintiff asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

69. Plaintiff and the Rule 23 Class are employees entitled to the KWHA's protections.

70. Defendant is an employer covered by the KWHA.

71. The KWHA entitles employees to a minimum hourly wage of $7.25 for every hour worked. KRS 337.275.

72. While restaurants may utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

73. The KWHA prohibits employers from requiring employees to remit any tips to the employer (*i.e.*, requirements that employees share tips with the employer) and from requiring employees to participate in a tip pool in which they must remit their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

74. Restaurants forfeit the tip credit when they require their tipped employees—such as Tokyo Hibachi's servers—to share tips with the employer or any other restaurant employees. *See* 803 KAR 1:080 § 3.

75. By requiring Plaintiff and the Rule 23 Class to share tips with other employees,

12

Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Rule 23 Class. As such, Defendant has violated the KWHA's minimum wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $7.25 for regular hours worked.

76. Restaurants also forfeit the tip credit when they require their tipped employees—such as Tokyo Hibachi's servers—to share tips with other restaurant employees who do not customarily and regularly receive tips. Thus, restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Tokyo Hibachi's Busboys, Chefs, and Bartenders—whose direct customer interaction is minimal.

77. By requiring Plaintiff and the Rule 23 Class to share tips with Busboys, Chefs, and Bartenders, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Rule 23 Class. As such, Defendant has violated the KWHA's minimum wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $7.25 for regular hours worked.

78. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." KRS 337.010(2)(c) and (d); KRS 337.275; 803 KAR 1:080 § 3. Thus, restaurants lose their right to utilize a "tip credit" when their tipped employees—such as Tokyo Hibachi's servers—spend more than 20% of their shift performing non-tip-producing work.

79. By requiring Plaintiff and the Rule 23 Class to spend more than 20% of their shift performing non-tip-producing work, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Rule 23 Class. As such, Defendant has violated the KWHA's minimum wage mandate by paying Plaintiff and the Rule 23 Class an

hourly wage below $7.25 for regular hours worked.

80. Restaurants forfeit the tip credit when they attempt to claim a tip credit that exceeds the actual amount of tips received. KRS 337.275; 803 KAR 1:080 § 3. In other words, where the amount of tips received is not sufficient to make up the difference between the lower tipped hourly rate—like the $2.13 per hour Defendant paid Plaintiff—and the statutory minimum wage of $7.25 per hour, Defendant must pay sufficient wages to ensure the full statutory minimum wage is paid.

81. When Plaintiff and the Rule 23 Class receive insufficient tips to cover the difference between their lower tipped hourly rate and the statutorily mandated $7.25 per hour minimum wage, Defendant attempts to take a tip credit that exceeds the actual amount of tips received and fails to pay sufficient additional wages to cover the difference. As a result, Defendant has forfeited its right to utilize the "tip credit" in satisfying its minimum wage obligations to Plaintiff and the Rule 23 Class. Thus, Defendant has violated the KWHA's minimum wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $7.25 for regular hours worked.

82. Defendant also has a policy and practice of requiring servers to clock-out prior to the conclusion of their shift to perform certain work activities without pay as described herein.

83. By requiring servers to work off the clock without pay, Defendant has failed to pay Plaintiff and the Rule 23 Class for all time worked at the statutory minimum wage of $7.25 per hour.

84. In violating the KWHA, Defendant has acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## COUNT IV
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE KWHA

85. All previous paragraphs are incorporated as though fully set forth herein.

86. Plaintiff asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

87. Plaintiff and the Rule 23 Class are employees entitled to the KWHA's protections.

88. Defendant is an employer covered by the KWHA.

89. The KWHA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. KRS 337.285.

90. Employers may take a tip credit and pay tipped employees a lower tipped hourly rate so long as employees receive at least $10.88 per hour—*i.e.*, one and one-half times the full $7.25 per hour statutory minimum wage for every hour worked. *See* KRS 337.285; 803 KAR 1:080 § 3.

91. Defendant pays Plaintiff and the Rule 23 Class a tipped hourly rate and Defendant relies on their tips to meet the overtime requirements pursuant to the tip credit provision of the KWHA.

92. Plaintiff and the Rule 23 Class employed by Defendant have worked over 40 hours in a workweek paid at a lower tipped hourly rate.

93. However, as explained above, employers forfeit the right to rely on the tip credit to satisfy the overtime requirements of the FLSA when certain requirements are not met. *See* KRS 337.010(2)(d), 337.275(2); 803 KAR 1:080 § 3.

94. The KWHA prohibits employers from requiring employers to remit any tips to the employer (*i.e.*, requirements that employees share tips with the employer) and from requiring

employees to participate in a tip pool in which they must remit their tips for distribution among other employees (*i.e.*, mandatory tip pools). KRS 337.065.

95. Restaurants forfeit the tip credit when they require their tipped employees—such as Tokyo Hibachi's servers—to share tips with the employer or any other restaurant employees. *See* 803 KAR 1:080 § 3.

96. By requiring Plaintiff and the Rule 23 Class to share tips with other employees, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiff and the Rule 23 Class. As such, Defendant has violated the KWHA's overtime wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $10.88 for overtime hours worked.

97. Restaurants also forfeit the tip credit when they require their tipped employees—such as Tokyo Hibachi's servers—to share tips with other restaurant employees who do not customarily and regularly receive tips. Thus, restaurants lose their right to utilize a "tip credit" when tips are shared with employees—such as Tokyo Hibachi's Busboys, Chefs, and Bartenders—whose direct customer interaction is minimal.

98. By requiring Plaintiff and the Rule 23 Class to share tips with Busboys, Chefs, and Bartenders, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiff and the Rule 23 Class. As such, Defendant has violated the KWHA's overtime wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $10.88 for overtime hours worked.

99. Restaurants may only take the tip credit for employees in an occupation in which the employee qualifies as a "tipped employee." KRS 337.010(2)(c) and (d); KRS 337.275; 803 KAR 1:080 § 3. Thus, restaurants lose their right to utilize a "tip credit" when their tipped

employees—such as Tokyo Hibachi's servers—spend more than 20% of their shift performing non-tip-producing work.

100. By requiring Plaintiff and the Rule 23 Class to spend more than 20% of their shift performing non-tip-producing work, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiff and the Rule 23 Class. As such, Defendant has violated the FLSA's overtime wage mandate by paying Plaintiff and the Rule Class an hourly wage below $10.88 for overtime hours worked.

101. Restaurants forfeit the tip credit when they attempt to claim a tip credit that exceeds the actual amount of tips received. KRS 337.275; 803 KAR 1:080 § 3. In other words, where the amount of tips received is not sufficient to make up the difference between the lower tipped hourly rate and the statutory overtime wage of $10.88 per hour for minimum wage employees, Defendant must pay sufficient wages to ensure the full $10.88 hourly overtime wage is paid.

102. When Plaintiff and the Rule 23 Class receive insufficient tips to cover the difference between their lower tipped hourly rate and the statutorily mandated $10.88 per hour overtime wage, Defendant attempts to take a tip credit that exceeds the actual amount of tips received and fails to pay sufficient additional wages to cover the difference. As a result, Defendant has forfeited its right to utilize the "tip credit" in satisfying its overtime wage obligations to Plaintiff and the Rule 23 Class. Thus, Defendant has violated the KWHA's overtime wage mandate by paying Plaintiff and the Rule 23 Class an hourly wage below $10.88 for overtime hours worked.

103. Defendant also has a policy and practice of requiring Plaintiff and the Rule 23 Class to clock-out prior to the conclusion of their shift to perform certain work activities as

described herein.

104. The time worked off the clock without pay includes hours over 40 in a workweek.

105. By requiring servers to work off the clock without pay for hours over 40 in a workweek, Defendant has failed to pay Plaintiff and the Rule 23 Class for all time worked over 40 hours in a workweek at one and one-half times their regular hourly rate as required under the KWHA.

106. In violating the KWHA, Defendant has acted willfully and with reckless disregard of clearly applicable KWHA provisions.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting this litigation to proceed as a class action pursuant to the KWHA and Fed. R. Civ. P. 23;

C. Prompt notice of this litigation, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

D. Prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to all putative class members;

E. A finding that Defendant has violated the FLSA and KWHA;

F. A finding that Defendant's FLSA and KWHA violations are willful;

G. A judgment against Defendant and in favor of Plaintiff and all similarly situated employees for compensation for all unpaid and underpaid wages that Defendant has failed and

refused to pay in violation of the FLSA and KWHA;

  H. Prejudgment interest to the fullest extent permitted under the law;

  I. Liquidated damages to the fullest extent permitted under the FLSA and KWHA;

  J. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, KWHA, and the Federal Rules of Civil Procedure; and,

  K. Such other and further relief as this Court deems just and proper in equity and under the law.

## VII. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: July 22, 2019

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294) \***
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com

\* *Pro Hac Vice* Motion anticipated

*Attorneys for Plaintiff*