THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-105-TBR

**DEVAN JONES and all others**  **PLAINTIFF**
**similarly situated,**

**V.**

**H&J RESTAURANTS, LLC d/b/a**  **DEFENDANT**
**TOKYO HIBACHI,**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a motion ("Motion") by the Plaintiff, Devan Jones, for conditional class certification and for the issuance of Court-supervised notice. (DN 13). The Defendant, H&J Restaurants, LLC d/b/a Tokyo Hibachi ("H&J") has responded to the Plaintiff's Motion. (DN 17). Plaintiff has filed her reply. (DN 19). Fully briefed, this matter is ripe for review and for the following reasons, Plaintiff's Motion is **GRANTED.**

### Background

Defendant has employed Plaintiff as a server at various times since December 2015. (DN 1 at ¶ 6). Plaintiff seeks to represent herself and others who Defendant employed as servers in this action. Plaintiff alleges that Defendant paid her and other servers an hourly wage below the minimum wage required by law. *Id.* at ¶ 13. More specifically, Plaintiff alleges that Defendant paid her approximately $2.13 an hour and failed to properly apply the "tip credit" for each hour she worked to supplement the wage as required by federal and state law. *Id.* at ¶ 32. Furthermore, Plaintiff alleges that Defendant (1) required servers to participate in a tip pool, (2) required servers to remit tips to a tip pool from which proceeds were shared with non-tipped employees, (3) required servers to spend more than 20% of their scheduled shifts performing non-tip-producing

work, and (4) required servers to clock out to perform certain work activities. *Id.* at ¶ 29. Plaintiff requests that the Court conditionally certify an FLSA collective action consisting of the following potential Opt-In Plaintiffs:

> All current and former servers employed by Defendant at its Tokyo Hibachi restaurant in Paducah, Kentucky at any time since July 22, 2016.

(DN 13 at 1).

The Defendant disputes each of these allegations and argues that Plaintiff has failed to meet her burden for conditional certification. Defendant argues (1) that Plaintiff is a disgruntled employee filing this action as revenge for her termination, (2) that—on the merits—H&J did not violate the FLSA, and (3) that Plaintiff is not similarly situated to other potential class members because she acted as a manager on occasion. Finally, Defendant attacks the quality and quantity of Plaintiff's evidence.

**Legal Standard**

The FLSA provides that an employee may bring a claim "for and in behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). A collective action under the FLSA permits similarly situated employees to opt in to the action, unlike the opt-out approach typically utilized under Federal Rule of Civil Procedure 23. An opt-in action under § 216(b) prohibits any person from becoming a party plaintiff in the collective action unless he or she files a written consent with the Court; therefore, these similarly situated employees must be notified of the lawsuit. *Comer v. Wal–Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

The Sixth Circuit utilizes a two-step approach for the certification of collective actions under the FLSA. *Id.* The first stage,[1] "conditional certification," occurs at the beginning of discovery. At this stage, the Court must determine whether notice of the pending action and the opportunity to opt in should be given to potential class members. *See Jones–Turner v. Yellow Enter. Sys., LLC*, 2007 WL 3145980, at *1 (W.D. Ky. Oct. 25, 2007); *Crawford v. Lexington–Fayette Urban Cnty. Gov't*, 2007 WL 293865, at *5 (E.D. Ky. Jan. 26, 2007). The certification at this stage "is conditional and by no means final." *Comer*, 454 F.3d at 546.

A plaintiff seeking to certify a collective action bears the burden of establishing that he and the proposed class he seeks to represent are similarly situated. *See Jones–Turner*, 2007 WL 3145980, at *1. The FLSA provides no guidance as to the meaning of the term "similarly situated," and, as another Court in this circuit has observed, "the Sixth Circuit has declined 'to create comprehensive criteria for informing the similarly-situated analysis.'" *Bernal v. TrueBlue, Inc.*, 2010 WL 1996922, at *2 (W.D. Mich. May 19, 2010) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) ). Regardless, because conditional certification decisions generally are made prior to discovery, a plaintiff's evidentiary burden is not a heavy one. "Generally speaking, at the first stage of conditional certification, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Jones–Turner*, 2007 WL 3145980, at *2 (citation omitted). Thus, the named plaintiff only needs to provide a modest factual showing to demonstrate that he is similarly situated to the putative class members. *Id.* (citing *Comer*, 454 F.3d at 547). "[T]he court's review of this modest showing is made using a fairly lenient standard, which 'typically results in

---

[1] The second stage occurs later in the litigation after all opt-in forms have been received and discovery has concluded. *See Comer*, 454 F.3d at 547.

conditional certification of a representative class.'" *Crawford*, 2007 WL 293865, at *5 (internal quotation marks omitted) (quoting *Comer*, 454 F.3d at 547).

## Discussion

H&J argues that Plaintiff has not established that she is similarly situated to other potential plaintiffs. Upon reviewing Plaintiff's motion and attached declarations and exhibits, the Court is satisfied that Plaintiff has met her burden and made the modest factual showing required for conditional certification of a collective action. Plaintiff's materials, read together, sufficiently show some factual nexus that binds Plaintiff and the putative class members together as victims of a particular alleged policy or action. At the second stage, following discovery, the Court will examine more closely the question of whether the particular members of the class are, in fact, similarly situated. *See Comer*, 454 F.3d at 547.

Defendant's arguments regarding the merits of the FLSA claims are unpersuasive at this juncture of the proceedings. Defendant argues, for example, that there is no form that employees were required to sign and that "[p]ayment records and the declaration by Defendant show" that Plaintiff's claims are untrue. (DN 17 at 6). Defendant asks the Court to examine payment records and other evidence because "payment records and declarations show Plaintiff incorrectly alleges Defendant does not ensure servers receive the minimum wage when they do not receive enough tips to make up the difference between their lower tipped hourly rate and statutory minimum wage." *Id.* at 8. But a rigorous inquiry into the merits of Plaintiff's claims is not necessary at this early juncture. *See, e.g.*, *Shipes v. Amurcon Corpl*, 2012 WL 995362 at *5 (E.D. Mich. Mar. 23,

2013) ("At this first stage, courts do not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations."); *Fisher v. Mich. Bell. Tel. Co.*, 665 F. Supp. 2d 819, 825 (E.D. Mich. 2009) (same); *accord Dominguez v. Don Pedro Rest.*, 2007 WL 271567, at *2 (N.D. Ind. Jan. 25, 2007) (noting that at the conditional certification stage, "the court accepts as true the plaintiff's allegations and does not reach the merits of the plaintiff's FLSA claims"). Because it is not the appropriate procedural posture for the Court to decide these issues, Defendant's argument is unpersuasive.

In her reply, Plaintiff correctly identifies that "an employee's motivation for bringing a lawsuit is irrelevant to the conditional certification analysis under the FLSA." (DN 18 at 1-2). Defendant's *ad hominem* attacks against Plaintiff do not carry any weight in the Court's consideration of this matter. Therefore, Defendant's assertion that "this action is actually filed as revenge by a disgruntled, terminated employee" is wholly unpersuasive. (DN 17 at 2).

Even if Plaintiff occasionally fulfilled the role of manager at Tokyo Hibachi, she nevertheless is "similarly situated" to putative class members for purposes of this FLSA conditional class certification. Defendant argues that, because "Plaintiff worked as a manager on different occasions, earning at least the statutory minimum wage in those instances and a share of tips," "Plaintiff is not similarly situated to employees who only work as servers at Tokyo Hibachi." *Id.* at 12. Defendant further argues that "[t]his issue would confuse the jury as Plaintiff herself may be called to testify as to whether she required servers she managed to work off the clock or prevented employees leaving until everyone was dismissed after closing." *Id.* at 12-13.

All that is necessary at this stage of the proceedings, however, is a "modest factual showing" that the employees are similarly situated. *Green v. Platinum Restaurants Mid-America,*

*LLC*, 2015 WL 6454856, at *1 (W.D. Ky. Oct. 26, 2015). The FLSA provides no guidance as to the meaning of the term "similarly situated," and, as another Court in this circuit has observed, "the Sixth Circuit has declined 'to create comprehensive criteria for informing the similarly-situated analysis.'" *Bernal v. TrueBlue, Inc.*, 2010 WL 1996922, at *2 (W.D. Mich. May 19, 2010 (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009)). Regardless, because conditional certification decisions generally are made prior to discovery, a plaintiff's evidentiary burden is not a heavy one. "Generally speaking, at the first stage of conditional certification, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Jones-Turner v. Yellow Enter. Sys., LLC*, 2007 WL 3145980, at *2 (W.D. Ky. Oct. 25, 2007) (citation omitted).

In this case, Plaintiff is seeking conditional certification and notice to a narrowly defined class consisting only of servers at a single restaurant during the same time period who were paid in the same way. (DN 13 at 2). Plaintiff filed declarations with the Court that demonstrate that the members of this narrowly defined class are all paid in the same manner. These declarations include testimony that the employees "were paid a tipped hourly rate less than $7.25 per hour and received tips from customers," that employees were required to share tips with employees who did not interact with customers, and that "Defendant required servers to clock out and spend several more minutes at the end of each shift performing non-tip-producing activities off the clock." (DN 13-3 at 4) (citing Jones and Martin Declarations). Plaintiff's submissions set forward facts that show a class of employees: (1) in the same job; (2) at the same restaurant; (3) during the same time-period; (4) under the same management; and (5) who were paid the same way. *See* (DN 13-3 at 3-4). Upon reviewing Plaintiff's Motion and attached exhibits, and notice of consent of other plaintiffs, the Court is satisfied that Plaintiff has met her burden and made the modest factual showing required

for conditional certification of a collective action. Those materials, read together, sufficiently show some factual nexus that binds Plaintiff and the putative class members together as victims of a particular alleged policy or action.

**Order**

For the foregoing reasons, **IT IS HEREBY ORDERED,** Plaintiff's Motion for Conditional Class Certification and for the Issuance of Court-Supervised Notice is **GRANTED.** It is further **ORDERED:**

1. The Court conditionally certifies this case as an FLSA collective action consisting of the following group of similarly situated employees:
    a. **All current and former servers employed by Defendant at its Tokyo Hibachi restaurant in Paducah, Kentucky at any time since July 22, 2016.**
2. The FLSA Notice and Consent Form, attached as Exhibits 1 and 2, respectively, to Plaintiff's Motion, are hereby authorized for distribution via U.S. Mail and email to all individuals who fall within the group of similarly situated employees defined in Paragraph 1 of this Order.
3. Within seven (7) days of the entry of this Order, Defendants shall provide Plaintiff's counsel with a notice list in Excel format containing the names, last known mailing addresses, and email addresses of employees who fall within the group defined in Paragraph 1 of this Order.

4. Plaintiff's counsel, or a third-party designated by Plaintiff's counsel, shall distribute, via U.S. Mail and email, the Court-authorized Notice. Each Notice shall be accompanied by the Consent Form and, when sent by mail, a pre-addressed, prepaid return envelope. No other material shall accompany the Notice. Plaintiff's counsel shall use their best efforts to mail all Notices on the same day so as to establish a single date of mailing. Plaintiff's counsel shall bear all costs associated with distributing the Notice and accompanying material in this manner, but shall be entitled to petition the Court for a recovery of such costs.

5. No later than seven (7) days after the Notice has been sent out via U.S. Mail and email, counsel for Plaintiff shall file with the Court a certification that the Notice has been sent consistent with this Order identifying the date of mailing.

6. All Consent Forms shall be postmarked no later than ninety (90) days from the date of mailing, or sent to Plaintiff's counsel via facsimile or email on or before ninety (90) days from the date of mailing.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

February 13, 2020