**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH JURY DIVISION**

| | | |
|---|---|---|
| DEVAN JONES, On Behalf of Herself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | **CLASS AND COLLECTIVE ACTION** |
| *Plaintiff*, | ) | |
| | ) | **CASE NO. 5:19-cv-105-TBR** |
| v. | ) | |
| | ) | **SENIOR JUDGE RUSSELL** |
| H & J RESTAURANTS, LLC d/b/a | ) | |
| TOKYO HIBACHI, | ) | **JURY DEMAND** |
| | ) | |
| *Defendant.* | ) | |

## JOINT RENEWED MOTION FOR APPROVAL OF SETTLEMENT AND FOR DISMISSAL OF RULE 23 CLAIMS

On October 2, 2020, the Parties moved this Court to approve a settlement of this action ("Initial Settlement Agreement"), in accordance with Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. No. 58). On October 22, 2020, this Court denied the Parties' Motion. (Doc. No. 59). In its October 22, 2020 Memorandum Opinion & Order denying the Parties' Motion, the Court instructed the Parties to correct certain items related to their settlement agreement and to submit a revised agreement, if they wish to settle this litigation.

The Parties do wish to resolve this litigation. Accordingly, the Parties have revised their settlement agreement, attached hereto as Exhibit 1, and request that this Court approve their revised agreement ("Revised Settlement Agreement").

### OVERVIEW OF RESVISED SETTLEMENT AGREEMENT

In its October 22, 2020 Memorandum Opinion & Order, the Court noted the following items for the Parties to address when seeking approval of their revised agreement:

> (1) Clarification of the number of FLSA Opt-In Plaintiffs who have asserted their claims in this action and who are covered by the Parties' settlement;

1

(2) Removal of the confidentiality provision of the Parties' settlement agreement;

(3) Narrowing of the scope of Plaintiffs' release to cover only their FLSA claims; and

(4) Submission by Plaintiffs' counsel of their hours worked on this litigation to support Plaintiffs' recovery of their attorneys' fees, expenses, and costs.

First, there are forty-three (43) Opt-In Plaintiffs who have asserted their claims in this action. Those forty-three (43) Plaintiffs are reflected in the Parties' Initial Settlement Agreement, which was attached to their Joint Motion as Exhibit 1. (Doc. No. 58-2). This number is also reflected in the Parties' Revised Settlement Agreement, which is attached to this Motion as Exhibit 1. The reference to forty-one (41) Plaintiffs in the Parties' Memorandum in Support of their Joint Motion is an error. (Doc. No. 58-1).

Second, the Parties have removed the confidentiality provision in their initial Settlement Agreement. The Parties' revised Settlement Agreement makes no reference to any confidentiality provision, nor does it permit a party to seek the Court's enforcement of a confidentiality provision.

Third, the Parties have narrowed the scope of the Plaintiffs' release. The Parties Revised Settlement Agreement limits Plaintiffs' release to only FLSA claims. The Revised Settlement Agreement does reflect that Plaintiffs' wage and damages recovery is based on pay and time data over a five-year time period dating back from the filing of the Complaint. Defendants produced time and pay data covering a five-year time period, as that is the time period covered by Plaintiffs' state law claims that were asserted in this litigation. Using this data covering five years, the Parties negotiated the settlement at hand.

Fourth, in its October 22, 2020 Memorandum Opinion & Order, the Court requested that the Plaintiff's counsel submit their hours worked, in addition to the total fee amount incurred and

hourly rates upon which their fees are based.[1] Contemporaneously with the filing of this Motion, Plaintiffs are submitting their billing records for the Court's review *in camera*. As of the date of October 30, 2020, Plaintiff's counsel's billing records reflect that they have incurred $109,841.00 in fees based on 369.6 hours of work billed. This work included: (1) investigating the potential case; (2) drafting Plaintiff's complaint; (3) briefing a conditional class certification motion under 216(b) of the FLSA; (4) administering FLSA notice, regularly communicating with the forty-three (43) Plaintiffs, and managing documents and information provided by the Plaintiffs; (5) taking written discovery concerning pay for the forty-three (43) Plaintiffs and addressing potential discovery disputes with Defendant's counsel; (6) defending the deposition of the Named Plaintiff; (7) taking the depositions of the Hyun and Jenny Lee, the owners of the entity Defendant; (8) briefing Plaintiff's Rule 23 class certification motion; (9) negotiating the resolution of this litigation; and (10) briefing the parties' request for Court approval of their proposed settlement.

---

[1]     In its Memorandum & Opinion, the Court notes that the purpose for its request for Plaintiff's counsel to submit evidence regarding their hours worked is to measure reasonableness under the lodestar method. However, Plaintiff would point out that her fee recovery of less than 30% of the gross settlement amount is reasonable under the percentage-of-recovery method and is frequently approved by courts in the Sixth Circuit in FLSA litigation. *See, e.g.*, *Swigart v. Fifth Third Bank*, No. 1:11-cv-88, 2014 WL 3447947, at *7 (S.D. Ohio July 11, 2014) (awarding 33% of common fund in hybrid FLSA collective and class action and noting "[a]n award of 33% of the total settlement fund is well within the range of fees requested in class and collective actions in Ohio federal district courts"); *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *10 (awarding attorney's fees and costs of 52% of total recovery in a hybrid FLSA collective and class action). Indeed, as recently as August 26, 2020, Chief Judge Reeves of the Eastern District of Kentucky found "one-third common fund fees reasonable under the FLSA." *Ware v. CKF Enterprises, Inc.*, No. 5:19-cv-183-DCR, 2020 WL 5087766, at *7 (E.D. Ky. Aug. 26, 2020) (approving hybrid FLSA and Kentucky state-law wage-and-hour settlement). And, in approving a one-third common fund fee award in an FLSA collective action, one court within the Sixth Circuit specifically noted that such an award may even be "reasonable when it amounts to double the loadstar attorneys' fees incurred by the plaintiffs' counsel." *Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 WL 2095172, at *3 (N.D. Ohio May 4, 2018) (citing *Thorn v. Bob Evans Farms, Inc.*, No. 2:12-cv-00768, 2016 WL 8140448, at *3 (S.D. Ohio Feb. 26, 2016)). Here, as the Court has noted, the fee recovery results in a <u>*reduction*</u> of more than fifty percent (50%).

Finally, in its October 22, 2020 Memorandum Opinion & Order, this Court noted that it was "not willing to take up the issue of voluntary dismissal of the Rule 23 state law claims until further conferring with the parties about issues with the settlement agreement." (Doc. No. 59 at 19). Now that the Court's concerns with the Parties' Initial Settlement Agreement have been addressed, the Parties renew their motion for this Court to dismiss Plaintiff Jones's Rule 23 claims without prejudice.

## **CONCLUSION**

For these reasons, the Parties respectfully request that this Court approve their Revised Settlement Agreement, in accordance with Section 16(b) of the FLSA, and dismiss Plaintiff's Rule 23 claims without prejudice.

Date: November 5, 2020

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON (KY Bar No. 98258)**
**JOSHUA A. FRANK (TN Bar No. 33294)\***
BARRETT JOHNSTON
     MARTIN & GARRISON, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

/s/ Glenn D. Denton (w/ permission by DWG)
**GLENN D. DENTON**
DENTON LAW FIRM, PLLC
PO Box 969
Paducah, KY 42002-0969
Telephone: (270) 450-8253
Fax: (270) 450-8259
gdenton@dentonfirm.com

*Attorney for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this *Joint Renewed Motion for Approval of Settlement and for Dismissal of Rule 23 Claims* was filed electronically with the Clerk's office by using the CM/ECF system and served on the following Counsel for Defendant via the CM/ECF system on November 5, 2020:

**Glenn D. Denton**
Denton Law Firm, PLLC
PO Box 969
Paducah, KY 42002-0969
Telephone: (270) 450-8253
Fax: (270) 450-8259
gdenton@dentonfirm.com

*Attorney for Defendant*

/s/ David W. Garrison
DAVID W. GARRISON
**BARRETT JOHNSTON**
**MARTIN & GARRISON, LLC**